**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.,<br><br>            Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>            Respondent. | Case No. 1:14-cv-01456-BAM-HC<br><br>ORDER CONSTRUING PETITION AS A MOTION TO AMEND (DOC. 9)<br><br>ORDER DIRECTING THAT PETITIONER'S MOTION TO AMEND (DOC. 9) BE FILED IN CASE NUMBER 1:14-cv-1486-MJS-HC AS A MOTION TO AMEND THE PETITION<br><br>ORDER DISMISSING PETITIONER'S MOTION AND DEEMING PETITIONER'S MOTION TO AMEND (DOC. 8) TO BE A SUPPLEMENT TO THE PETITION<br><br>ORDER GRANTING RESPONDENT AN EXTENSION OF TIME TO FILE A RESPONSE TO THE SUPPLEMENTED PETITION (DOC. 1, 8) |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on October 1, 2014, and on behalf of Respondent on October 16, 2014.

1

I.  Background

In the present proceeding, Petitioner alleges in the petition filed on September 18, 2014, that he is an inmate of the United States Penitentiary at Atwater, California, serving a sentence of 188 months imposed in the United States District Court for the District of Montana, Great Falls Division, in 2003.  Petitioner challenges the execution of his sentence, alleging that the United States Bureau of Prisons (BOP) has incorrectly calculated custody credits and his release date; he was denied custody credits without due process of law and in violation of equal protection of the laws. (Doc. 1 at 1, 5-7.)

On September 23, 2014, Respondent was directed to file an answer to the petition within sixty days.

On October 1, 2013, Petitioner filed in this proceeding a motion to amend the petition for writ of habeas corpus in which he sought to add to the petition information regarding a report of September 17, 2014, involved in an administrative appeal that relates to the matters and calculations pertinent to his release. (Doc. 8, 1-2.)

On October 3, 2014, a petition that initially had been filed in Fourstar v. Copenhaver, case number 1:14-cv-1535-JLT-HC, was filed in the instant case as an amended petition.  Review of that petition shows that it mainly concerns Petitioner's conviction and sentence imposed in 2003 in the United States District Court, District of Montana, as well as conditions claims regarding his custody level in regard to an ongoing knee condition.  (Doc. 9.)

The Court notes that on September 24, 2014, a petition was filed in Fourstar v. Copenhaver, case number 1:14-cv-1486-MJS-HC, in

2

which Petitioner challenges a 1992 state court conviction that was used for impeachment at Petitioner's federal trial as well as for the purpose of sentencing him in the federal proceeding. (Doc. 1, 1-2.)

## II. Construction and Filing of "Amendment" (Doc. 9)

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the court held that a petition filed before a prior petition has been adjudicated should be considered a motion to amend the prior petition rather than a second or successive petition.

Here, because the document that was initially filed in case number 1:14-cv-1535-JLT-HC (doc. 9) relates to the same judgment challenged by Petitioner in the earlier-filed case number 1:14-cv-1486-MJS-HC, it is appropriate to construe the document as a motion to amend the petition in case number 1:14-cv-1486-MJS-HC.

Accordingly, the petition initially filed in case number 1:14-cv-1535-JLT-HC, and thereafter filed in this action on October 3, 2014 (doc. 9), will be construed as a motion to amend the petition in case number 1:14-cv-1486-MJS-HC, and it will further be ordered that the document be re-filed in that action.

## III. Petitioner's Motion to Amend the Petition (Doc. 8)

The instant case now proceeds on the initial petition (doc. 1). Because no response had been filed when Petitioner filed his motion to amend the initial petition (doc. 8), Petitioner was not required to seek leave of Court to amend his petition. Fed. R. Civ. P. 15(a). Thus, Petitioner's motion will be dismissed as moot.

As to the amendment, review of it reflects that the document was not intended to supplant the initially filed petition (doc. 1), but rather to supplement it. Local Rule 220 provides that unless

prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.  However, the Court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly, in this one instance, the Court will construe Petitioner's motion to amend the petition as a supplement to the petition.[1]

Respondent's response to the petition is presently due in approximately thirty days.  Respondent will be granted an additional thirty days to file a response to the petition as supplemented (docs. 1, 8).

IV.   Disposition

Accordingly, IT IS HEREBY ORDERED that:

1)   The habeas petition initially filed in case number 1:14-cv-1535-JLT-HC, and filed in this action on October 3, 2019, as an amendment of the petition (doc. 9), is CONSTRUED as a motion to amend the petition in case number 1:14-cv-1486-MJS-HC; and

2) The Clerk of Court is DIRECTED to file the document (doc. 9) as a motion to amend in case no. 1:14-cv-1486-MJS-HC; and

3)   To the extent that it seeks leave to file an amendment to the petition, Petitioner's motion to amend the petition (doc. 8) is DISMISSED as moot; and

---

[1] Petitioner is forewarned that in the future, absent further order of the Court, compliance with both  Fed. R. Civ. P. 15 and  Local Rule 220 will be required with respect to any further attempts to amend the petition.

4

4) Petitioner's motion to amend the petition (doc. 8) is DEEMED to be a supplement to the petition; and

5) The time for filing Respondent's response to the supplemented petition in this proceeding (docs. 1 & 8) is EXTENDED to no later than sixty (60) days after the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 27, 2014**              /s/ *Barbara A. McAuliffe*  
                                    UNITED STATES MAGISTRATE JUDGE