UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Petitioner, <br><br> v. <br><br> PAUL COPENHAVER, <br><br> Respondent. | Case No. 1:14-cv-01456-BAM-HC <br><br> ORDER DENYING PETITIONER'S MOTION TO FILE AN AMENDMENT TO THE PETITION IN THE FORM OF A SUPPLEMENT (DOC. 13) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on October 1, 2014, and on behalf of Respondent on October 16, 2014. Pending before the Court is Petitioner's amendment of the petition styled as a motion to amend the petition.
///

1

I. Background

The case is proceeding on a supplemented petition (docs. 1 & 8) alleging that Petitioner was improperly deprived of good conduct time credits in connection with sanctions imposed in a prison disciplinary proceeding for the offense of fighting. Respondent has been directed to respond to the supplemented petition, and after an extension of time was granted to permit the Respondent to respond to supplemental allegations, the due date for the response is presently on or about December 28, 2014.

Petitioner has already filed two amendments of the petition after the initial petition was filed in mid-September 2014. In an order dated October 28, 2014, the Court deemed a previously filed amendment to be a supplement to the petition, but the Court expressly informed Petitioner that in any future effort to amend, he would be expected to comply with Local Rule 200 and thus to be file an amendment in the form of a single document complete in itself without reference to any previously filed petitions or supplements thereto. (Doc. 12 at 4 n.4.)

On November 17, 2014, Petitioner filed yet another motion for leave to amend the petition to update it with additional details concerning exhaustion of administrative remedies related to his administrative grievances as well as his conditions of confinement and other matters unrelated to the claim concerning the discipline. The Court understands this motion to be a motion for leave to file an amendment to the petition in the form of a supplement to the petition.

II. Analysis

Generally, when amending a petition, a petitioner must submit a

new pleading that is complete and stands on its own. This is because, as a general rule, an amended complaint supersedes the original complaint, which no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Absent prior court approval, Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading.  Thus, unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

   Here, Petitioner was given limited permission to file a supplement to the petition; Petitioner was not given permission to file any further amendments to the petition in the form of supplements.  However, Petitioner's most recent amendment is in the form of updates to his supplemental petition and contains matter that Petitioner could bring before the Court in later proceedings on the pleadings should Respondent's response not include an adequate record of the pertinent disciplinary proceedings.  Petitioner also appears to try to lodge material concerning his medical treatment for a knee problem and his problems getting postage, matters which at this point are collateral to the claim at the core of the petition, which concerns the disciplinary proceeding and sanctions.

   A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  A court's inherent power includes the power to strike material from the docket in order to control litigation conduct and

3

1  to supervise the contents of the docket.  <u>Ready Transportation, Inc.
2  v. AAR Manufacturing</u>, 627 F.3d 402, 404-05 9th Cir. 2010).  A court
3  may even strike a filed document that does not conform to the formal
4  requirements of the pertinent rules of court.  <u>Transamerican Corp.
5  v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189,
6  191 (N.D. Ill. 1992).
7       This Court has reviewed the docket in this case and has
8  observed the repetitive amendments already filed by Petitioner in
9  this proceeding.  The Court concludes that Respondent should have
10 the opportunity to respond to the petition without further delay;
11 Petitioner will have the opportunity to file a responsive pleading
12 to any response filed by Respondent.  The Court has determined that
13 to permit Petitioner to amend his petition by increments would be
14 inefficient and would result in delay and confusion for the Court
15 and the parties.
16      Therefore, the Court exercises its discretion to decline to
17 permit Petitioner to amend his petition incrementally by filing a
18 supplement.
19      III.  <u>Disposition</u>
20      Accordingly, Petitioner's request to amend the petition by way
21 of a supplement is DENIED.

23 IT IS SO ORDERED.

24   Dated:   **November 19, 2014**              /s/ Barbara A. McAuliffe
25                                         UNITED STATES MAGISTRATE JUDGE

4