# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FOURSTAR,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL COPENHAVER, WARDEN,<br><br>    Defendant. | No. 1:14-cv-01456-BAM HC<br><br>**ORDER DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION**<br><br>**(Docs. 15, 28, and 30)** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On December 1, 2014, Petitioner moved to amend the petition. Doc. 15. In March 2015, Petitioner filed two separate motions to supplement his reply to Respondent's response. Docs. 28 and 30.

**I.     Procedural Background**

On September 18, 2014, Petitioner filed the original petition in this case, asserting as grounds for relief prison discipline, incorrect projected release date, and incorrect custody points. On September 23, 2014, the Court ordered Respondent to file his response.

On October 1, 2014, Petitioner moved to supplement the petition. The Court construed the motion as a motion to amend, noted that the motion was to supplement the petition, and granted the motion on October 28, 2014.

Petitioner again moved to amend his petition on November 17, 2014. The purported

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1   amendment was an additional supplement to the previous supplement and original petition.  On

2   November 19, 2014, the Court denied Petitioner's motion to amend and noted, "[T]he Court

3   exercises its discretion to decline to permit Petitioner to amend his petition incrementally by

4   filing a supplement."  Doc. 14 at 4.

5   On December 1, 2014, Petitioner filed yet another motion to amend the petition.  The

6   proposed amended petition sought to omit the grounds set forth in the original petition and to

7   substitute two grounds challenging Petitioner's original sentence:

8   > Ground One: Petitioner's Sixth Amendment deprivations and circumstances constitute the kind of "extraordinary circumstances"
9   > that will justify an exemption to the procedural default rule in habeas corpus that could conceivable justify re-opening a case
10  > through Fed.R.Civ.P. Rule 60(b)(6) [*sic*].

11  > Ground Two:  Petitioner was abandoned by counsel and suffers an invalid sentence based on incorrect calculation of his criminal
12  > history, deprivations of earned good conduct time, incorrect projected release date, incorrect custody calculation, and enhanced
13  > sentence based on a wrongful state conviction in violation of his rights under the Sixth and Fourteenth Amendments of the United
14  > States Constitution.

15  Doc. 15 at 6-7.

16  Despite the pending motion to amend, Respondent answered the original petition on

17  December 28, 2014.  Following the Court's January 7, 2015, order that Respondent indicate

18  opposition or consent to the pending motion to amend, Respondent filed opposition to the motion

19  to amend on January 27, 2015.  Petitioner answered the opposition on February 20, 2015.

20  Meanwhile, on January 14, 2015, Petitioner filed his reply to Respondent's response to the

21  original petition.

22  On March 3, 2015, Petitioner moved to supplement his response to the petition with a

23  discussion of *Cuevas v. United States*, 778 F.3d 267 (1st Cir. 2015).  In *Cuevas*, the First Circuit

24  Court of Appeals held that "vacatur of the defendant's prior state drug convictions were

25  sufficiently exceptional for his claim for resentencing on subsequent federal charge to be

26  cognizable."  *See id.* at 267.

27  On March 13, 2015, Petitioner moved to supplement his response to include discussion of

28  the Seventh Circuit Court of Appeals' dismissal of his habeas petition in *Fourstar v. Walton* (No.

14-2951), and his ensuing petition for writ of certiorari to the United States Supreme Court.

## II.    Standards for Amendment

Pursuant to F.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading, a required responsive pleading, or a motion under F.R.Civ.P. 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the U.S. District Courts.  In ruling on a motion to amend a petition for writ of habeas corpus, a court must consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether or not the party has previously amended his pleadings.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  A court may disallow a proposed amendment that would be futile, such as one in which the amended matter (1) is duplicative or patently frivolous, (2) presents no new facts but only new theories, or (3) provides no satisfactory explanation for failure to develop the original contentions fully.  *Id.*

## III.   Proposed Amendment is Futile

The proposed amended petition constitutes a second or successive petition seeking habeas relief.  Petitioner has previously filed multiple habeas petitions challenging improper enhancement of his sentence.  *See Fourstar v. Copenhaver*, 2014 WL 6885979 (E.D.Cal. Dec. 4, 2014) (No. 1:14-cv-01486-MJS); *Fourstar v. Walton*, 2013 WL 6169277 (S.D. Ill. Nov. 25, 2013); *Fourstar v. Martinez*, 2012 WL 7850810 (W.D.La. Dec. 18, 2012), (No. 12-cv-2110), 541 Fed.Appx. 494 (5th Cir. 2013); *Fourstar v. Outlaw*, 2007 WL 2427996 (E.D. Tex. Aug. 22, 2007) (No. 1:07-cv-11), 283 Fed.Appx. 209 (5th Cir. 2008).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to any petition filed after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  When AEDPA applies, a federal court must dismiss a second or successive petition that raises the

3

same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of a second or successive petition attacking his 2003 conviction. If this Court were to grant the motion to amend, the Court would then lack jurisdiction to consider the petition and would be required to dismiss it. *See Greenawalt*, 105 F.3d at 1277. Accordingly, granting the motion to amend would be futile.

**IV.    Motions to Supplement Petitioner's Reply Are Moot**

Petitioner's two motions to supplement his reply both concern the sentencing grounds set forth in the proposed amendment. The Court denies the motions to supplement as moot.

///

## V. Conclusion and Order

The Court hereby DENIES (1) the motion to amend the petition (Doc. 15) for lack of jurisdiction and (2) the motions to supplement Petitioner's reply (Docs. 28 and 30) as moot. The Court will take the original petition and supplement, which have been fully briefed, under submission.

IT IS SO ORDERED.

Dated:  **September 1, 2015**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE