# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, WARDEN,<br><br>Respondent. | No. 1:14-cv-01456-SKO HC<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 34)** |

Petitioner, a federal prisoner, moves to amend a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] to include the following two claims:

> Ground One: A 2010 statutory amendment to FBOP disciplinary sanctions that did away with Petitioner's ability to continue earning "good-time credits" against his 2003 sentence is in violation of Petitioner's rights under the ex post facto clause of the United States Constitution Art. I, cl. 3.
>
> Ground Two: Petitioner's Sixth Amendment deprivations and circumstances constitute the kind of "extraordinary circumstances" that will justify an exemption to the procedural default rule in habeas corpus that could conceivably justify re-opening a case through Fed.R.Civ.P. Rule 60(b)(6).

Doc. 34 at 3.

Despite its reference to the procedural default rule, Petitioner's argument supporting the second ground appears to set forth an argument that Petitioner is actually innocent of the crime of which he was convicted.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Respondent urges the Court to deny the motion to amend as futile. Respondent argues that if it were granted, the proposed amended would result in a second or successive petition. The Court agrees that the motion to amend the petition must be dismissed as futile.

## I.    Standards for Amendment

Pursuant to F.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading, a required responsive pleading, or a motion under F.R.Civ.P. 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. 28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the U.S. District Courts. In ruling on a motion to amend a petition for writ of habeas corpus, a court must consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether or not the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A court may disallow a proposed amendment that would be futile, such as one in which the amended matter (1) is duplicative or patently frivolous, (2) presents no new facts but only new theories, or (3) provides no satisfactory explanation for failure to develop the original contentions fully. *Id.*

## II.   Ex Post Facto Claim

In proposed ground one, Petitioner claims that changes in disciplinary regulations administered by the Federal Bureau of Prisons (FBOP) violated the ex post facto clause of the U.S. Constitution. His argument relies on the amendment of California Penal Code § 2933.6, which eliminated good-time credit for California inmates held in that state's security housing units (SHU), and *Hinojosa v. Davey*, 803 F.3d 412 (9th Cir. 2015).[2] The proposed claim is futile for multiple reasons.

First, California Penal Code § 2933.6 is not a FBOP statute and has no application to Petitioner, who was convicted in a federal court in Montana.

---

[2] The United States Supreme Court reversed the Ninth Circuit decision in *Kernan v. Hinojosa*, 136 S.Ct. 1603 (2016).

Further, unlike inmate Hinojosa, Petitioner does not seek redress for a statutory change that amended the system of good-time credits upon which his initial sentence had been calculated. Instead, Petitioner contends that he was denied due process in disciplinary actions that resulted in Petitioner's loss of good-time credits to which he would have been entitled but for his disciplinary violations.

Because the first proposed ground is both futile and lacks merit, the Court will not grant Petitioner's motion to amend the petition to include it.

## III.     **Actual Innocence**

Claim two attempts again to challenge Petitioner's 2003 conviction in the U.S. District Court of Montana for violations of 18 U.S.C. § 2241(a) (aggravated sexual abuse by force or threat) and 18 U.S.C. § 1153(a) (offenses committed within Indian country). *See* Doc. 1 at 2. Because Petitioner has previously sought habeas relief for this conviction multiple times in multiple jurisdictions, this claim is barred as a successive claim. Petitioner also sought relief for this conviction in multiple previous cases; thus, the claim is clearly successive.

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Until Petitioner has secured leave from the court of appeals to bring this successive claim, the proposed amendment is

futile.

## IV.     Conclusion and Order

Petitioner's motion to amend his petition for writ of habeas corpus is hereby DENIED.

IT IS SO ORDERED.

Dated:     **June 29, 2016**                                  /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE